940 F.2d 1539
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
In re TEXAS INTERNATIONAL COMPANY, Debtor.
ARTHUR LIPPER CORPORATION, Appellee,
v.
TEXAS INTERNATIONAL COMPANY, Appellant.
 No. 90-6361.
 United States Court of Appeals, Tenth Circuit.
 Aug. 5, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Debtor appeals from an order of the district court reversing an order of the bankruptcy court which granted a motion to modify a confirmed Chapter 11 plan of reorganization. The district court held that debtor lacked standing to seek modification of the confirmed plan. We affirm.
 
 
 3
 Debtor commenced this voluntary bankruptcy action under Chapter 11, seeking reorganization. The Official Committee of the Unsecured Creditors and the Official Committee of the Equity Security Holders jointly proposed a plan of reorganization. The plan included a provision appointing Arthur Lipper III, chairman of appellee, to the board of directors of The Phoenix Resource Companies, Inc., the reorganized debtor. The bankruptcy court confirmed the plan.
 
 
 4
 Before the effective date of the plan, debtor and Charles E. Ramsey, Jr., the examiner, filed a motion to modify the plan to eliminate Mr. Lipper from the board of directors of the reorganized debtor. Stating that the reorganized debtor had standing to modify the plan, the bankruptcy court granted the motion.
 
 
 5
 Appellee appealed to the district court, which reversed the modification order. The district court determined that debtor was not the reorganized debtor, and, therefore, it lacked standing to seek modification of the confirmed plan of reorganization. Debtor appealed.
 
 
 6
 "We review the bankruptcy court's decision under the same standard used by the district court, and affirm when the bankruptcy court's factual findings are not clearly erroneous[.] We review the bankruptcy court's legal conclusions de novo." In re Burkhart Farm & Livestock, --- F.2d ----, No. 90-8067, slip op. at 3 (10th Cir. July 11, 1991) (citations omitted).
 
 
 7
 The issue before us on appeal is whether debtor is the reorganized debtor contemplated under 11 U.S.C. Sec. 1127(b) such that debtor had standing to seek modification of the confirmed plan. Section 1127(b) provides in part that "[t]he proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan...."
 
 
 8
 It is undisputed that neither debtor nor Mr. Ramsey were proponents of the plan. Also, it is undisputed that Mr. Ramsey is not the reorganized debtor. Debtor, however, argues that it is the reorganized debtor.
 
 
 9
 We disagree with debtor's argument that it is the reorganized debtor. As the district court determined, the reorganized debtor, as defined by the confirmed plan, is Phoenix Resources, which comes into existence when the plan takes effect and the debtor ceases to exist. Accordingly, we affirm for substantially the reasons stated by the district court in its order of October 15, 1990.
 
 
 10
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3